[Cite as *State v. Barksdale*, 2014-Ohio-326.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25746 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 08-CR-3283 |
| v. | : | |
| | : | |
| CHRISTOPHER BARKSDALE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 31st day of January, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. #0069829, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

RICHARD A. NYSTROM, Atty. Reg. #0040615, 1502 Liberty Tower, 120 West Second Street, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}    Defendant-appellant Christopher Barksdale appeals from the four-year prison sentence the trial court imposed for Felonious Assault (serious physical harm), in violation of

R.C. 2903.11(A)(1). The trial court imposed the sentence after remand from this court for the merger of two Felonious Assault convictions for which Barksdale had been sentenced to concurrent four-year terms. Barksdale contends that the trial court failed "to fully and fairly reconsider defendant's sentence and all of the underlying facts and circumstances after appellate remand to reconsider same and thereby violated defendant's constitutional right to due process."

{¶ 2} We conclude that the record does not support Barksdale's contention. Accordingly, the judgment of the trial court is Affirmed.

## I.  The Course of Proceedings

{¶ 3} Barksdale was charged by indictment with one count of Felonious Assault (serious physical harm), in violation of R.C. 2903.11(A)(1), and one count of Felonious Assault (deadly weapon), in violation of R.C. 2903.11(A)(2). Following a jury trial, he was sentenced to four-year terms of imprisonment on both counts, to be served concurrently. He appealed.

{¶ 4} We initially affirmed, based upon Barksdale's failure to provide a transcript. *State v. Barksdale*, 2d Dist. Montgomery No. 23422, 2011-Ohio-630 (*Barksdale I*).

{¶ 5} We later re-opened Barksdale's appeal, reversed his sentence, and remanded the cause to the trial court for the merger of the two Felonious Assault convictions, "and for the trial court to sentence Barksdale accordingly." *State v. Barksdale*, 2d Dist. Montgomery No. 23422, 2013-Ohio-1066, ¶ 48 (*Barksdale II*).

{¶ 6} By the time Barksdale appeared for the merger and re-sentencing, he had completed serving his four-year prison sentence, but was still subject to post-release control sanctions, the penalty for the violation of which could depend upon the length of the underlying

sentence.

{¶ 7}    Because of the nature of Barksdale's contentions on appeal, the merger and re-sentencing colloquy is worth setting out in full:

THE COURT: * * * .   I believe in this case Mr. Barksdale was sentenced and there was an appeal.   There were two counts of felonious assault guilt determinations.   The Court sentenced on both of those counts.   The Appellate Court found that I believe that they were allied offenses of similar import or otherwise to be improper to sentence on both.

The State needed to elect which of the felonious assault counts it wished to have Mr. Barksdale sentenced on.   I'm thinking is this like – I imagine it's – is it felonious assault serious harm and felonious assault deadly weapon.   Two different types?   Is that –

MS. RAKE [representing the State]: Yes, Your Honor.

THE COURT: Okay.   Which would the Court or the department – would the State of Ohio wish Mr. Barksdale sentenced on?

MS. RAKE: Your Honor, the State would choose to have Mr. Barksdale sentenced on the felonious assault serious harm.

THE COURT: All right.   I imagine we should – the Court then merges the felonious assault counts for sentencing purposes.   Hold on just a minute.   Would counsel approach sidebar.

(At sidebar)

THE COURT: The Appellate decision on here, it doesn't have – you think

we should go from the top on this and –

MR. WESNER [representing Barksdale]: He served two consecutive or two concurrent four years, right?

MS. RAKE: Uh-huh.

MR. WESNER: He's already served his time.

THE COURT: I know he has. But I'm just – you don't have a termination entry?

MS. RAKE: I don't.

THE CLERK: What are you asking?

MS. RAKE: Termination entry.

THE CLERK: I can get you one in just one second.

THE COURT: Okay. For safety sake, allow allocution and all that type of thing.

MS. RAKE: She would know from the appellate standpoint. He wants to know, do we need to go over the stuff and the cap from an appellate standpoint?

THE COURT: Just like if we're – if this were the first time we were here?

MS. RAKE: Because he's already served his appellate [sic] sentence.

THE COURT: Should we have allocution by the State? I imagine we should, right?

MS. RAKE: Because we're not – well, he's be [sic] resentenced.

UNIDENTIFIED SPEAKER: He's being resentenced.

MS. RAKE: It's going to be time served.

THE COURT: For four years I think.

MR. WESNER: He'd like to make – I told him to say that he believes the merits of the entire appeal, however, he's just here for resentencing. He understands that. But if you could just state that.

THE COURT: Okay. I'll – I'm thinking that I don't think that hurts anything. Should we get

MS. RAKE: I don't think it's going to – do we need to go through all that?

THE COURT: – and do the full PCR [sic] warning and all that?

UNIDENTIFIED SPEAKER: I think so because he's – he may appeal it.

MS. RAKE: Oh, okay. Okay.

UNIDENTIFIED SPEAKER: It's a new sentencing and it'd be a good idea because it's on the one count of merger and he's being sentenced on the one count, same four years, same everything else. So I think you do have to go through everything.

THE COURT: Do I need to [sic] a jail time credit. I need a jail time credit report or do you – can we stipulate that he served it?

MS. RAKE: We can stipulate.

UNIDENTIFIED SPEAKER: You can stipulate that he has served it.

THE COURT: Okay. All right.

MR. WESNER: Thank you.

(End sidebar)

THE COURT: The Court had previously received a PSI in the case and considered it. Counsel, is there anything you'd like to say before the Court

announces sentence?

MR. WESNER: Your Honor, just that we believe the entire merits of the appeal, the first and second assignments of error,[1] I know we're just here for re-sentencing, but I just wanted that on the record.

THE COURT: Thank you.  Mr. Barksdale, anything you would like to say before the Court announces sentence?

MR. WESNER: He concurs with my statement, Your Honor.  That's what he just informed me of.  You don't want to say anything on the record?

THE DEFENDANT: (Nods negatively).

MR. WESNER: He doesn't wish to say anything on the record, Your Honor.

---

[1] Barksdale's first assignment of error in his re-opened appeal was that his convictions were against the manifest weight of the evidence; we overruled that assignment of error.  *Barksdale II*, ¶ 33, 44.  His second assignment of error was that the convictions should have been merged; we sustained that assignment of error.  *Id.*, ¶ 45, 47.

THE COURT: All right. Based on counsel's statement, considering the resentence [sic] investigation report,[2] considering the purposes and principles of sentencing as set forth in RC2929.11, considering the seriousness and recidivism factors as set forth in RC2929.12, in this case 08-CR-3283, the Court sentences Christopher Barksdale on felonious assault, a felony of the 2nd degree, to a term of four years CRC.

Further, the Court orders that Mr. Barksdale pay restitution to Curtis Johnson in the amount of $17,484.41.

The Court orders Mr. Barksdale to pay Court costs and Mr. Barksdale is advised that failure to pay Court costs could result in the requirement to perform community service.

On the issue of jail time credit, I believe that the parties would stipulate that Mr. Barksdale has in fact served four years and thus doesn't have to actually serve any more prison time. Are counsel willing to stipulate that there is four – at least four years jail time credit?

MS. RAKE: Yes, Your Honor.

MR. WESNER: Yes, Your Honor.

{¶ 8} The trial court then advised Barksdale of the post-release control sanctions pertaining to him.

{¶ 9} Barksdale appeals from the sentence imposed upon him on remand.

---

[2] The only pre-sentence investigation report in our record is the report prepared for the original sentencing in 2009.

**II.  The Trial Court Did Not Err When It Imposed the Same Sentence on Remand**

{¶ 10}  Barksdale's sole assignment of error (framed as "Issue I") is as follows:

WHETHER THE TRIAL COURT ERRED BY FAILING TO FULLY AND FAIRLY RECONSIDER DEFENDANT'S SENTENCE AND ALL OF THE UNDERLYING FACTS AND CIRCUMSTANCES AFTER APPELLATE REMAND TO RECONSIDER SAME AND THEREBY VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS UNDER THE *FIFTH, EIGHTH,* AND *FOURTEENTH AMENDMENT* OF THE *UNITED STATES CONSTITUTION* AND *ARTICLE I SECTION 10* OF THE *OHIO STATE CONSTITUTION*.   (Italics in original.)

{¶ 11}  To begin with, a trial court is under no obligation to impose a reduced sentence simply because an appellate court has reversed the original sentence and remanded the cause for merger and re-sentencing.  *State v. Fuller*, 2d Dist. Montgomery No. 25380, 2013-Ohio-3274, ¶ 12-14.

{¶ 12}  There was some confusion at the outset of the remand sentencing hearing concerning the task before the trial court.  The trial court appropriately sought and received the guidance of counsel, receiving in the process also some guidance from the "unidentified speaker."[3]

{¶ 13}  The trial court did telegraph its thought that the four-year sentence originally imposed for the offense was still the appropriate sentence.  We find nothing wrong with a trial

---

[3]  If forced to speculate, we would guess the unidentified speaker to have been someone from the appellate division of the prosecutor's office.

court indicating its thinking as to an appropriate sentence at the outset of a sentencing hearing, especially where, as here, a sentence had been imposed for the same offense at a previous sentencing hearing, so long as the court affords the defendant an opportunity to be heard, which the trial court did here.

{¶ 14} Significantly, neither the defendant nor his counsel objected, at any point during the sentencing hearing, to the appropriateness of the procedure followed by the trial court. Defendant, through his counsel, had multiple opportunities during the hearing to suggest a different procedure, but did not do so.

{¶ 15} The trial court stated, on the record, that it had considered the pre-sentence investigation report provided for the initial sentencing, that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, and that it had considered the seriousness and recidivism factors set forth in R.C. 2929.12. We presume that it did so.

{¶ 16} The trial court imposed a four-year sentence, which is one year less than the five-year sentence falling in the middle of the two-to-eight-year range for a second-degree felony. The victim was hospitalized, generating hospital and ambulance bills totaling $18,184.41. As of the date of the pre-sentence investigation report, on April 3, 2009, the victim had not been able to work in his self-employment as a contractor for almost eight months.

{¶ 17} At the time of Barksdale's original sentencing, he had seven prior misdemeanor convictions, including three Domestic Violence convictions and three Assault convictions, and six prior felony convictions. He had served prison time on three of the prior felony convictions. All of Barksdale's prior felony convictions occurred more than ten years before the Felonious Assault offense in this case, but a number of his misdemeanor convictions were more recent, and

he also had two misdemeanor charges – Driving Under the Influence and Fleeing and Eluding/Obstructing Official Business – that were pending at the time of his original sentencing in this case.

{¶ 18} The trial court presumably chose an appropriate sentence for Barksdale's Felonious Assault conviction at the original 2009 sentencing hearing. Considering that no one said or presented anything during the remand sentencing hearing to suggest that the trial court's initial four-year sentence for the offense was not appropriate, we find it unremarkable that the trial court decided to impose a four-year sentence, which Barksdale had already served.

{¶ 19} Finally, there is a suggestion at one point in Barksdale's brief that: "[A]ny interpretation in the in-chambers discussion[4] or in the open-court hearing that Barksdale's trial attorney waived any review of the sentence – by stipulating to the 2009 hearing and four-[year] sentence – is ineffective assistance of counsel since [*State v.*] *Whitfield* [124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182,] requires nothing less than a new hearing." A successful claim of ineffective assistance of trial counsel would require a showing that there was any cogent argument to make in support of a sentence of less than four years. Otherwise, trial counsel would not have been ineffective for having failed to make that argument, and Barksdale would not have been prejudiced as a result of the failure to make it. There is nothing in this record to suggest that there was an argument that Barksdale could have made that would have been likely to cause the trial court to impose a sentence of less than four years.

{¶ 20} Barksdale's sole assignment of error is overruled.

---

[4] Perhaps this is a reference to the sidebar conference quoted in Part I, above. In any event, we have no record of any in-chambers proceedings relating to the remand sentencing.

### III.   Conclusion

**{¶ 21}**   Barksdale's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and DONOVAN, J., concur.


Copies mailed to:

Mathias H. Heck
Michele D. Phipps
Richard A. Nystrom
Hon. Timothy N. O'Connell