[Cite as *State v. Fuller*, 2013-Ohio-3274.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO                                        :
                                                    :       Appellate Case No. 25380
            Plaintiff-Appellee                      :
                                                    :       Trial Court Case No. 10-CR-2328/1
v.                                                  :
                                                    :
JOHN FULLER                                         :       (Criminal Appeal from
                                                    :        Common Pleas Court)
            Defendant-Appellant                     :
                                                    :

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of July, 2013.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. #0069384, Montgomery
County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box
972, 301 West Third Street, Dayton, Ohio 45422
            Attorney for Plaintiff-Appellee

J. ALLEN WILMES, Atty. Reg. #0012093, 4428 North Dixie Drive, Dayton, Ohio 45414
            Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, P.J.

{¶ 1}  Defendant-appellant John Fuller appeals from the August 20, 2012 judgment of

the trial court re-sentencing him, following the reversal of his prior sentence and a remand from

this court. *State v. Fuller*, 2d Dist. Montgomery No. 24598, 2012-Ohio-1979. Fuller contends that the trial court abused its discretion by imposing the same total sentence of seventeen years that it had imposed prior to the previous appeal. Fuller also contends that the trial court erred by denying his request for a waiver of the payment of court costs, without a hearing on the issue.

{¶ 2}     We conclude that the trial court did not abuse its discretion by imposing the same total sentence on remand. We further conclude that the trial court did not err in denying his request for a waiver of the payment of court costs, without a hearing. Accordingly, the judgment of the trial court is Affirmed.

## I.   The Course of Proceedings

{¶ 3}     Fuller was charged by indictment on one count of Felonious Assault, two counts each of Kidnapping and Aggravated Robbery, all with firearm specifications, and one count of Having Weapons While Under a Disability. The facts surrounding the offenses are set forth in our opinion in *State v. Fuller, supra*.

{¶ 4}     We cannot determine from the record of this appeal, or from our opinion in *Fuller*, what specific sentences for each of the six counts of the indictment were originally imposed, but it is clear that an aggregate sentence of seventeen years was imposed, three years of which were for the firearm specifications, which were all merged. It also appears that the sentences originally imposed for Count 2, a Kidnapping offense, and for Count 4, an Aggravated Robbery offense, were ordered to be served concurrently with one another.

{¶ 5}     On appeal, we held that Counts 2 and 4 were allied offenses of similar import. We reversed those convictions, and remanded the cause for the merger of Counts 2 and 4 and for

the adjustment of Fuller's sentence accordingly. *Id.* ¶ 59-60.

{¶ 6}    On remand, the State requested that Count 2, one of the Kidnapping offenses, be merged into Count 4, one of the Aggravated Robbery offenses. The trial court ordered concurrent five-year sentences on Counts 1 and 4, a consecutive five-year sentence on Count 3, a consecutive four-year sentence on Count 6, and a three-year sentence on Count 5, to be served concurrently with all other sentences. These sentences total fourteen years (5 years for Counts 1 and 4, plus 5 years for Count 3, plus 4 years for Count 6). An additional, consecutive three-year sentence for the merged firearm specifications brought the total sentence imposed up to seventeen years, which was the same total sentence that had been imposed before Fuller's first appeal.

{¶ 7}    The trial court did not impose a sentence on Count 2, which was merged into Count 4, pursuant to the mandate of this court.

{¶ 8}    After the trial court informed Fuller, at the sentencing hearing, that it was ordering him to pay court costs, in an unspecified amount, and that if he was unable to pay them, or failed to pay them, he could be ordered to serve community service, the following colloquy occurred:

> MR. GRAMZA [representing Fuller]: Your Honor, I'm sorry to interrupt. For the record I have filed an affidavit of indigency on behalf of Mr. Fuller with the Court today. We would ask that court costs be waived based on that. We understand it is the Court's discretion on that matter and we believe the Court is not imposing a fine in this matter.

> THE COURT: The Court will not impose a fine and I think court costs are

not a substantial sum in relative terms.   As I indicate Mr. Fuller has good health. He is going to be receiving I believe prison pay.   He's unemployed but he has worked previously.   So the Court finds that Mr. Fuller has an ability, at least a future ability, to pay; actually, probably present in some amount from court – or from prison pay.   So the Court orders that Mr. Fuller pay court costs.

Tr. 19.

**{¶ 9}**   From his sentence, Fuller appeals.


**II.   The Trial Court Did Not Err in Imposing the Same Total Prison Sentence that it Had Imposed Before the Prior Appeal, Reversal, and Remand**

**{¶ 10}**   Fuller's First Assignment of Error is as follows:

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO MODIFY THE ORIGINAL SENTENCE TO GIVE WEIGHT TO THE PRINCIPLE OF MERGER OF OFFENSES.

**{¶ 11}**   Fuller's argument in support of this assignment of error is as follows:

In the instant case, this Court remanded this matter for re-sentencing because the trial court failed to merge two of the offenses, an act of aggravated robbery and one of kidnapping[,] because there was no separate animus from their commission.   Though the trial court had <u>de facto</u> run some of Fuller's terms concurrently, *the message from this Court appears to be that* [the] *trial court had sentenced Fuller too heavily.*   The seventeen-year aggregate sentence was based in part upon the conclusion that Fuller had committed two separate acts of

kidnapping and two separate acts of aggravated robbery when, in fact, one aggravated robbery and one kidnapping consisted of the same conduct, id est, "the robbery cannot occur without them doing the kidnapping (page 18)."

For that reason, the implication is that the instant sentence is not, "the product of a sound reasoning process," per [*AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 553 N.E.2d 597 (1989)], and is therefore an abuse of the trial court's discretion. (Underlining in original; italicization of text added.) Brief, p.6.

**{¶ 12}** We reject the notion that in our opinion in Fuller's previous appeal we were "sending a message" that the trial court's total sentence of seventeen years was too harsh.

**{¶ 13}** The Supreme Court of Ohio has held that: "The imposition of concurrent sentences is not the equivalent of merging allied offenses." *State v. Damron*, 129 Ohio St.3d 86, 2011-Ohio-2268, 950 N.E.2d 512, ¶ 17. Because the fact that sentences are ordered to be served concurrently does not render moot the trial court's failure to have merged the underlying offenses, we have a duty on appeal to reverse convictions that should have been merged, and remand those convictions for merger, even though that result "may be merely of academic interest" to the defendant. *State v. Jones*, 2d Dist. Montgomery No. 14649, 1995 WL 461284, *4 (Aug. 4, 1995), *rev'd on other grounds*, 78 Ohio St.3d 12, 676 N.E.2d 80 (1997).

**{¶ 14}** We have reviewed our previous opinion, *State v. Fuller, supra*. We find nothing therein to suggest that we found his seventeen-year total sentence to have been too harsh. We remanded the cause with a mandate to merge Counts 2 and 4, and to "adjust Fuller's sentence accordingly." *Id.* at ¶ 59. The trial court has complied with our mandate; it has merged Count 2

into Count 4, and it has not sentenced Fuller on Count 2.

**{¶ 15}** Fuller's First Assignment of Error is overruled.

### III.   The Trial Court Was Within its Discretion to Deny

### Fuller's Request for a Waiver of the Payment of Costs

**{¶ 16}** Fuller's Second Assignment of Error is as follows:

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO ENTERTAIN EVIDENCE OR ARGUMENT ON THE ISSUE OF WAIVER OF COURT COSTS.

**{¶ 17}** To begin with, the issue of waiver of the payment of court costs does not appear to have been raised by Fuller, or addressed by this court, in Fuller's first appeal.   Consideration of that issue was not, therefore, within the limited scope of our remand to the trial court.

**{¶ 18}** In any event, the trial court did not abuse its discretion by denying Fuller's request for waiver without a hearing.   A trial court is required by R.C. 2947.23 to impose court costs against all convicted defendants, even those who are indigent.   *State v. Lux*, 2d Dist. Miami No. 2010 CA 30, 2012-Ohio-112, ¶ 46, citing *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8.   But a trial court may waive the payment of costs.   *State v. Lux*, ¶ 46, citing *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 11.   A trial court has no duty to waive court costs; it has discretion whether to do so, and R.C. 2949.092 does not provide standards for the exercise of that discretion.   *Lux*, at ¶ 47.

**{¶ 19}** Fuller cites *State v. Lamonds*, 6th Dist. Lucas No. L-03-1100, 2005-Ohio-1219, for the proposition that under R.C. 2929.19(B)(6), the trial court is required to consider an

offender's present and future ability to pay a sanction imposed by the trial court, and therefore the trial court must have evidence on that issue. But court costs are not financial sanctions, and therefore R.C. 2929.19 has no application to court costs. *Lux*, at ¶ 45. A trial court need not consider a defendant's ability to pay, as required by R.C. 2929.19 for the imposition of financial sanctions, before imposing court costs. *Id. State v. Lamonds*, the case Fuller cites, differentiates between "supervision fees," as defined in R.C. 2949.111(A)(4), and "court costs," as defined in R.C. 2949.111(A)(1). The court of appeals sustained the trial court's imposition of court costs, but reversed the imposition of supervision fees as costs, because there was no evidence in the record of that defendant's present and future ability to pay them. *Lamonds*, at ¶ 41-42.

{¶ 20} In the case before us, the trial court set forth its reasons for denying Fuller's request for a waiver of court costs, as quoted in Part I, above. We conclude that the trial court's decision in this regard does not constitute an abuse of discretion, assuming, without deciding, that the trial court's consideration of this issue was within the scope of our remand following Fuller's first appeal.

{¶ 21} Fuller's Second Assignment of Error is overruled.

## IV. Conclusion

{¶ 22} Both of Fuller's assignments of error having been overruled, the judgment of the trial court is Affirmed.

{¶ 23}                                                            . . . . . . . . . . . . .

HALL and WELBAUM, JJ., concur.

Copies mailed to:

Mathias H. Heck
Andrew T. French
J. Allen Wilmes
Hon. Timothy N. O'Connell