[Cite as *State v. Hawley*, **2014-Ohio-731.**]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                          :

     Plaintiff-Appellee                :               C.A. CASE NO.    25897

v.                                     :               T.C. NO.    06CR348

JAMIE HAWLEY                           :                 (Criminal appeal from
                                            Common Pleas Court)

     Defendant-Appellant               :

                                             :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    28th    day of      February     , 2014.

. . . . . . . . . .

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
         Attorney for Plaintiff-Appellee

JAMIE HAWLEY, #545-292, Lebanon Correctional Institute, P. O. Box 56, Lebanon, Ohio 45036
         Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

{¶ 1}    Jamie Hawley appeals from the trial court's denial of his motion to vacate

and/or suspend court costs.  For the following reasons, the trial court's judgment will be

affirmed.

{¶ 2} In 2007, Hawley was convicted after a jury trial in the Montgomery County Court of Common Pleas of aggravated burglary, attempted felonious assault, kidnapping, and grand theft of a motor vehicle. The trial court imposed a sentence of ten years for aggravated burglary, five years for attempted felonious assault, six years for kidnapping, and twelve months for grand theft. All counts were to be served consecutively to each other and consecutively to a sentence imposed in Geauga County. The trial court did not orally notify Hawley at sentencing that he would be required to pay court costs, but an order to pay court costs was included in the trial court's judgment entry.

{¶ 3} Hawley appealed from his convictions. Hawley's original appellate counsel filed a brief pursuant to *Anders v. California* , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). However, upon our independent review, we identified a non-frivolous issue related to the denial of Hawley's motion to suppress a show-up identification, and we appointed new counsel. Hawley's new counsel also filed an *Anders* brief, arguing that any error in the failure to suppress the identification was harmless beyond a reasonable doubt. Upon our independent review, we affirmed Hawley's convictions. *State v. Hawley*, 2d Dist. Montgomery Nos. 22019, 22053, 2010-Ohio-838.

{¶ 4} On March 4, 2013, Hawley filed a motion with the trial court to vacate and/or suspend court costs totaling "over $2,000." He argued that court costs were included in the trial court's judgment entry, but he was not informed at sentencing that he would have to pay court costs. In May 2013 (before the trial court ruled on his March 2013 motion), Hawley filed a nearly identical motion, updating the amount of court costs to $2,500.

{¶ 5} On May 30, 2013, the trial court denied Hawley's motions, reasoning that

Hawley had not asked for a waiver of court costs at sentencing and that there was no statutory authority upon which the trial court could now waive or suspend court costs. The court further stated that, even if such authority existed, the trial court would overrule the motion. The trial court reasoned that a trial court may assess costs against an indigent defendant and noted that, even when a defendant is required to pay court costs, the defendant's inmate account must retain $10 for inmate expenditures. The trial court thus denied the motions, but ordered that $10 remain in Hawley's inmate account. Hawley did not appeal the trial court's ruling.

{¶ 6} On August 21, 2013, Hawley moved the trial court to vacate and/or suspend court "fines" totaling $2,000. Hawley argued that his trial counsel provided ineffective assistance by failing to seek a waiver of court costs at sentencing due to Hawley's indigence. On August 27, 2013, in a decision identical to the one filed on May 30, the trial court again denied Hawley's motion.

{¶ 7} Hawley appeals from the denial of his motion to vacate and/or suspend court "fines." He argues that he is indigent and that he did not agree at sentencing to pay court costs. Hawley asserts that his trial counsel was ineffective in failing to seek a waiver of the payment of court costs at sentencing.

{¶ 8} Under R.C. 2947.23, a trial court is required to impose "the costs of prosecution" against all convicted defendants and render a judgment against the defendant for such costs, even those who are indigent. *See State v. White,* 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. On March 18, 2010, two weeks after we affirmed Hawley's convictions on direct appeal, the Ohio Supreme Court held that a trial court must

orally notify a defendant at sentencing that the court is imposing court costs. *State v. Joseph,* 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 22, citing Crim.R. 43(A). A trial court may waive the payment of costs but, pursuant to the laws applicable to Joseph, an indigent defendant must move for such waiver at sentencing. *Joseph* at ¶ 11-12.

{¶ 9} When the trial court fails to impose court costs at sentencing, a defendant does not waive for appeal any challenge to the court's imposition of court costs in the sentencing entry. *See State v. Lewis,* 2d Dist. Montgomery No. 25225, 2013-Ohio-1581, ¶ 13; *Joseph* at ¶ 22. The trial court's failure "is not harmless because it deprives the defendant of an opportunity to contest the imposition of court costs." *State v. Lunsford,* 193 Ohio App.3d 195, 2011-Ohio-964, 951 N.E.2d 464, ¶ 15 (2d Dist.).

{¶ 10} Hawley claims that the trial court should have vacated the requirement that he pay court costs, because he was prejudiced by his trial counsel's failure to request a waiver of payment at sentencing. Hawley's claim of ineffective assistance of trial counsel is barred by res judicata. "Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Collins,* 2d Dist. Montgomery No. 25612, 2013-Ohio-3645, ¶ 9, citing *Grava v. Parkman Township,* 73 Ohio St.3d 379, 653 N.E.2d 226 (1995). Res judicata applies to any defense that was raised or could have been raised in a criminal defendant's prior direct appeal from his conviction and/or sentence. *Id.,* citing *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). The issues of the trial court's alleged failure to orally notify Hawley of court costs at sentencing and of his trial counsel's alleged ineffectiveness were not raised in Hawley's direct appeal.

Because he failed to challenge the court's imposition of court costs in his direct appeal, res judicata bars those claims.

{¶ 11} We recognize that both of Hawley's appellate counsel filed an *Anders* brief. To the extent that Hawley believes that his appellate counsel in his direct appeal rendered ineffective assistance by failing to raise either the court's imposition of court costs or his trial counsel's ineffectiveness in failing to seek a waiver of court costs, the proper remedy is to seek to reopen his direct appeal and/or to file a timely petition for post-conviction relief. We state no opinion about whether either of those remedies remains available to Hawley and/or would be successful.

{¶ 12} The trial court denied Hawley's motion to vacate court costs, in part, on the ground that it had no statutory authority to do so. We note that 2012 Sub.H.B. 247 made several substantive changes to R.C. 2947.23, effective March 22, 2013. R.C. 2947.23(C) now provides: "The court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing or at any time thereafter." 2012 Sub.H.B. 247 also authorized courts to cancel claims for costs due the court, if the amounts are uncollectible. The provisions state, "If at any time the court finds that an amount owing to the court is due and uncollectible, in whole or in part, the court may direct the clerk of the court to cancel all or part of the claim. The clerk shall then effect the cancellation." *See* R.C.1901.263 (municipal court); R.C.1905.38 (mayor's court); R.C.1907.25 (county court); R.C.1925.151 (small claims division); R.C. 2101.165 (probate court); R.C. 2151.542 (juvenile court); R.C. 2303.23 (common pleas court); R.C. 2501.161 (court of appeals); R.C. 2503.33 (supreme

court). We believe these statutory provisions give authority to the trial court to consider waiving court costs even after sentencing. We find no indication that the trial court considered these statutory provisions.

**{¶ 13}** Regardless, the trial court held that it would deny Hawley's request to vacate court costs even if it had statutory authorization to do so. As stated above, R.C. 2947.23 requires the trial court to impose court costs, regardless of indigency. *State v. Lux,* 2d Dist. Miami No.2010 CA 30, 2012-Ohio-112, ¶ 46, citing *White,* 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, at ¶ 8. "A trial court has no duty to waive court costs; it has discretion whether to do so, and R.C. 2949.092 does not provide standards for the exercise of that discretion." *State v. Fuller*, 2d Dist. Montgomery No. 25380, 2013-Ohio-3274, ¶18, citing *Lux* at ¶ 47. We cannot find that the trial court abused its discretion when it determined that Hawley should be required to pay court costs, provided that a minimum balance of $10 remained in his inmate account for inmate expenditures.

**{¶ 14}** Hawley's assignment of error is overruled.

**{¶ 15}** The trial court's judgment will be affirmed.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Michele D. Phipps
Jamie Hawley
Hon. Dennis J. Langer