[Cite as *State v. Thomas*, 2016-Ohio-1357.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-A-0072** |
| SHAWN THOMAS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2014 CR 75.

Judgment:  Reversed and remanded.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Michelle M. French*, Law Offices of Michelle M. French, LLC, P.O. Box 293, Jefferson, OH  44047 (For Defendant-Appellant).


THOMAS R. WRIGHT, J.


{¶1}    Appellant, Shawn Thomas, appeals the decision sentencing him for felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony, following his no contest plea.  We accepted his untimely appeal.  His sole argument on appeal asserts that the trial court abused its discretion in ordering him to pay court costs.  For the following reasons, we reverse and remand.

{¶2} Thomas was indicted on one count of felonious assault as a result of a physical altercation with his cellmate at the Lake Erie Correctional Institution. Thomas entered a no contest plea in exchange for an agreed upon three-year sentence that was to run concurrent with the term he was already serving for an unrelated offense.

{¶3} The trial court adopted the plea agreement and held the sentencing hearing immediately thereafter. Defense counsel asked the court to "further suspend" court costs in light of Thomas' indefinite incarceration on his other, unrelated offense and indigent status. The state did not address the issue. The trial court subsequently assessed court costs against Thomas explaining, "Although I do assess court costs, I understand the issue of inability to pay at this point and time. And I would not expect that you'd be able to pay any court costs at this point in time. But it's an obligation that I do expect at some point in time that should be addressed."

{¶4} Thomas' sole assignment of error states:

{¶5} "The trial court erred to the prejudice of Appellant by not waiving the court costs assessed against the indigent Defendant upon proper motion at the Sentencing Hearing, in violation of the Appellant's Rights under the Fourteenth Amendment to the U.S. Constitution and Article I, Section 16, of the Ohio Constitution. (T.p. 29-34)."

{¶6} He argues that the trial court erred in assessing court costs against him and failing to "waive" court costs in light of his counsel's request and based on his indigency. However, "a criminal defendant is [not] without recourse when his indigence prevents him from paying court costs." *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, ¶7. An indigent defendant is free to seek and a trial court may order community service as an alternative means for a defendant to satisfy court

2

costs. *Id.* A trial court may also assess court costs against an indigent defendant, which may be paid from his inmate account. *State v. Hawley*, 2d Dist. Montgomery No. 25897, 2014-Ohio-731, ¶5.

{¶7} "R.C. 2947.23 requires a court to assess costs against all convicted defendants. However, * * * a court could waive payment of costs assessed against indigent defendants." *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶1, citing *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393. We review a court's refusal to waive payment of costs for an abuse of discretion since waiving the imposition of mandatory costs is discretionary. *Threatt* at ¶23.

{¶8} In *Threatt*, the Supreme Court reaffirmed its prior decision: "In *White*, we held that costs must be assessed against and *may be collected* from indigent defendants." (Emphasis sic.) *Id.* at ¶10. Although both decisions confirmed that waiver was available, neither set forth any test or factors to employ in determining when a court should waive court costs for an indigent who timely requests waiver.

{¶9} Notwithstanding, however, Thomas directs our attention to *State v. John*, 6th Dist. Lucas No. L-03-1261, 2005-Ohio-1218, which considered a timely request to waive mandatory court costs. As Thomas contends, *John* held in part that a trial court "should examine the record and weigh, given defendant's circumstances, the probability that he will be able to pay in the future. Considerations of a defendant's conditions should include health, education, work history, and the length of the prison sentence imposed. A prior determination of indigency is a strong presumption supporting a *lack of* an ability to pay the mandatory costs, but it is not conclusive. However, if the record reflects a lack of support for a determination of future ability to

3

pay such that it is unreasonable, arbitrary, or unconscionable, then the failure to waive those costs for the indigent defendant is an abuse of discretion." (Emphasis sic.) *Id.* at ¶35. The *John* court further explained, "Appellant's circumstances clearly warrant a waiver of the payment of R.C. 2947.23 costs. Given his extremely poor health, his lack of any employment history, his lack of education, and the length of his sentence, it is highly probable that he will be unable to pay. None of appellant's circumstances, except for further prison earnings, indicate a future ability to pay." *Id.* at ¶36.

{¶10} Further, we have previously reversed and remanded another case on this precise issue based on *John*. In *State v. Fomby*, 11th Dist. Lake No. 2012-L-073, 2013-Ohio-2821, we held that the lack of trial court analysis as to Fomby's future ability to pay the cost of his prosecution necessitated reversal. We explained: "a trial court has a duty to engage in the * * * analysis [as to a defendant's future ability to pay] as part of the sentencing process. In this case, the trial court concluded that it would be speculative to engage in any analysis concerning appellant's future ability to pay at the time of sentencing. However, the trial court was *required* to make that determination immediately. * * * Therefore, because the trial court did not engage in the requisite analysis for determining a motion to waive costs, this case is remanded so that the trial court can consider the proper factors [as set forth in *John*] and render a judgment on the motion." (Emphasis added.) *Id.* at ¶60.

{¶11} Unlike the analysis and findings made at John's sentencing, there was no analysis made at Thomas' sentencing hearing regarding his ability to pay court costs in the future. Thomas was born April 5, 1983 and was 31 at the time of his sentencing, and the sentence imposed in this case is one of limited duration, i.e., three years.

4

Although his counsel indicated that his other sentence carried an indefinite term, there is nothing evidencing the extent of this other sentence. Finally, there was nothing tending to show that Thomas suffers from poor health or has limited mental faculties that will limit his future income.

{¶12} Although the trial court ordered Thomas to pay court costs, the record does not reflect that it analyzed his ability to pay in the future. Thus, in light of our decision in *Fomby,* the imposition of court costs without the requisite analysis was improper, and Thomas' sole assignment of error has merit. On remand, the trial court shall reconsider Thomas' motion to waive court costs and address the factors set forth in *John*, supra.

{¶13} The decision of the Ashtabula County Court of Common Pleas is reversed and remanded for further proceedings consistent with this opinion.


CYNTHIA WESTCOTT RICE, P.J.,

TIMOTHY P. CANNON, J.,

concur.

5