[Cite as *State v. Babyak*, 2020-Ohio-325.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-08-025 |
| | : | O P I N I O N |
| - vs - | | 2/3/2020 |
| | : | |
| ALEXANDER O. BABYAK, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CR2009-CR-0065

Stephen J. Pronai, Madison County Prosecuting Attorney, Rachel M. Price, 59 North Main Street, London, Ohio 43140, for appellee

Alexander O. Babyak, #A616575, London Correctional Institution, 1580 State Route 56, SW London, Ohio 43140, pro se

**PIPER, J.**

{¶ 1} Appellant, Alexander Babyak, appeals a decision of the Madison County Court of Common Pleas denying his motion to waive court costs or in the alternative, stay payment of the costs.[1]

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar for the purposes of issuing this opinion.

{¶ 2} In 2010, Babyak was convicted of robbery and kidnapping, and sentenced to 18 years in prison. Babyak appealed his convictions, arguing that they were against the manifest weight of the evidence. This court affirmed his convictions. *State v. Babyak*, 12th Dist. Madison Nos. CA2009-10-023 and CA2010-03-006, 2010-Ohio-3820. Babyak later filed a motion to correct a void judgment, which was overruled by the trial court. On appeal of the trial court's denial, we reversed Babyak's sentence because the trial court did not address postrelease control with Babyak at the sentencing hearing. *State v. Babyak*, 12th Dist. Madison No. CA2014-08-016, 2015-Ohio-1489.

{¶ 3} On remand, the trial court held a hearing and addressed postrelease control properly. The court also reordered Babyak to pay court costs. Babyak later filed a pro se motion to waive his court costs, or in the alternative, to stay their payment, which the trial court denied. Babyak now appeals the trial court's decision, raising two assignments of error for review. Because the assignments of error are interrelated, we will address them together for ease of discussion.

{¶ 4} Assignment of Error No. 1:

{¶ 5} A TRIAL COURT MUST CONSIDER A DEFENDANT'S PRESENT AND FUTURE ABILITY TO PAY COURT COST [sic] WHEN CONSIDERING A MOTION FILED IN [sic] PURSUANT TO R.C. 2947.23(C).

{¶ 6} Assignment of Error No. 2:

{¶ 7} A TRIAL COURT SHOULD WAIVE COURT COSTS WHEN THEY ARE DEEMED UN-COLLECTABLE AS DEFINED BY R.C. 2303.23.

{¶ 8} Babyak argues in his assignments of error that the trial court erred in denying his motion to waive court costs because the trial court did not represent it considered his

present or future ability to pay the costs and because the costs were not currently collectible.[2]

{¶ 9} As determined by the Ohio Supreme Court, court costs are properly assessed against a defendant, regardless of the defendant's indigency. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989. According to R.C. 2947.23(A)(1)(a), "in all criminal cases, including violations of ordinances, the judge or magistrate *shall* include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs." (Emphasis added.)

{¶ 10} Unlike financial sanctions and fines issued pursuant to R.C. 2929.18 and 2929.32, "the imposition of court costs under R.C. 2947.23 does not require the trial court to first consider the defendant's ability to pay." *State v. Hodge*, 9th Dist. Lorain No. 14CA010648, 2015-Ohio-3724, ¶ 15. A defendant's financial status is therefore "irrelevant to the imposition of court costs." *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, ¶ 3. Accordingly, a sentencing court must include the costs of prosecution in the sentence and render a judgment against the defendant for costs even if the defendant is indigent. *White* at ¶ 8. The legislature has imposed, and the Ohio Supreme Court has upheld, a mandatory duty placed upon trial courts.

{¶ 11} A trial court *may*, within its discretion, waive payment of court costs upon a defendant's motion if the defendant is indigent. R.C. 2949.092. Thus, we review a trial court's decision denying a motion to waive costs for an abuse of discretion. *State v. Sibrian*, 2d Dist. Montgomery No. 27964, 2019-Ohio-1262. An abuse of discretion implies more than an error of law or judgment; it suggests that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. *State v. Myers*, 12th Dist. Madison No. CA2019-01-003, 2020-

2. The Ohio Supreme Court is currently considering the issue of a trial court's duties when deciding a post-sentencing motion to waive costs. *State v. Taylor*, 2018-0797. While the court held oral arguments on January 7, 2020, there is no indication as to when the court will reach its decision. Thus, we will issue our decision according to the statute as written, yet with anticipation of forthcoming binding authority.

Ohio-59, ¶ 15

{¶ 12} As indicated by the plain language of the statute, the trial court is not required to make any findings or base its decision on any enumerated factors when considering a defendant's motion to waive costs. Neither the statute nor past decisions of the Ohio Supreme Court require the trial court to explain what it considered before ruling on a motion to waive costs. Had the legislature intended the court to make findings or requisite considerations, it would have so required as it did in R.C. 2929.19(B)(5). The statutes applicable to financial sanctions and fines require a trial court to consider a defendant's present and future ability to pay while the statute applicable to costs, R.C. 2947.23, does not.

{¶ 13} We note that some courts have determined that a trial court *should* consider certain factors such as the defendant's health, education, work history, and the length of the prison sentence imposed before ruling on a motion to waive costs. *See State v. Thomas*, 11th Dist. Ashtabula No. 2014-A-0072, 2016-Ohio-1357; and *State v. Copeland*, 2d Dist. Montgomery No. 26842, 2016-Ohio-7797 (Hall, J., dissenting).[3] These courts reason that in order to review the trial court's denial of a motion to waive costs, a trial court must first explain its reasoning for such denial. However, and as stated above, we are constrained to apply the statute as written and cannot rewrite the statute to say something it does not.

{¶ 14} There is information in the record that allows us to review the trial court's denial without a hearing or written decision explaining its decision. Most certainly, the record does not convincingly indicate any reason why Babyak cannot make payment on costs as ordered at some point in time. Babyak did not reveal any serious health problem or other impediment that would render him physically unable to work or earn some degree of income.

{¶ 15} Rather, the record demonstrates that Babyak has performed work throughout

---

3. In *Copeland*, Judge Hall dissented, and argued for the application of the statute's plain language.

his incarceration, including work for the Ohio Department of Transportation and Ohio Department of Wildlife.[4] Babyak also tutored other inmates, and received several certificates noting his completion of self-improvement courses. His work experience and improvement while incarcerated increase his employability. Notably, Babyak was 20 years old at the time of sentencing and would be only 38 at the time of his release with many years of work eligibility as an able-bodied young man. The record also indicates that Babyak had work experience in the restaurant industry prior to his incarceration, a service industry that has not declined.[5] This information, readily available to the trial court, demonstrates that Babyak should be held responsible for payment of the court costs as ordered. Therefore, it cannot be said the trial court's decision was unreasonable, arbitrary, or unconscionable.

{¶ 16} After review of the record, we find the trial court did not abuse its discretion in denying Babyak's motion. Babyak's two assignments of error are thus overruled.

{¶ 17} Judgment affirmed.

S. POWELL, J., concurs.

M. POWELL, J., dissents.

**M. POWELL, J., dissenting.**

{¶ 18} R.C. 2947.23(C) provides that "[t]he court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing or at any time thereafter." A sentencing court may exercise the jurisdiction granted by the above statute pursuant to R.C. 2949.092, which provides

---

4. Ohio Adm.Code 5120-5-03 specifically establishes the procedure for withdrawing money from an inmate's account to satisfy court-ordered financial obligations.

5. For these same reasons, the costs are not uncollectable pursuant to R.C. 2303.23 as argued in Babyak's second assignment of error.

> If a person is convicted of or pleads guilty to an offense and the court specifically is required, pursuant to section 2743.70 or 2949.091, 2949.093, or 2949.094 of the Revised Code or pursuant to any other section of the Revised Code to impose a specified sum of money as costs in the case in addition to any other costs that the court is required or permitted by law to impose in the case, the court shall not waive the payment of the specified additional court costs that the section of the Revised Code specifically requires the court to impose unless the court determines that the offender is indigent and the court waives the payment of all court costs imposed upon the offender.

{¶ 19} Thus, the standard to be applied by a trial court in considering a motion to waive court costs is whether the movant is indigent. An appellate court reviews a decision denying a motion to waive court costs for an abuse of discretion.

{¶ 20} In this case, the judgment entry denying Babyak's motion stated, "[Babyak's] motion to Vacate/Waive or Grant a Stay on Court Costs Pursuant to R.C. 2947.23(C) is Denied." The judgment entry provided nothing more. There was no hearing on the motion and thus no record from which we can determine the trial court's reasoning in denying the motion.

{¶ 21} A trial court has substantial discretion in determining whether to waive, modify, or suspend payment of court costs under R.C. 2947. 23(C). However, the discretion is not absolute. As the Second Appellate District held in a case construing a trial court's responsibility in considering a R.C. 2947.23(C) postsentence motion to waive court costs,

> Although a trial court need not consider whether a defendant has a present or future ability to pay court costs when court costs are assessed, the trial court should consider the defendant's ability to pay when a defendant subsequently moves for a waiver, modification, or stay of the payment of court costs.

*State v. Copeland*, 2d Dist. Montgomery No. 26842, 2016-Ohio-7797, ¶ 11.

{¶ 22} Although a trial court is not required by the statutes to make findings supporting its decision upon a motion for waiver of court costs, meaningful review requires some record from which an appellate court may discern the basis for the trial court's decision in

- 6 -

determining whether there was an abuse of discretion. As the Second Appellate District observed,

> [W]e conclude that the trial court has not provided a sufficient explanation for its decision to permit us to perform meaningful appellate review of its decision under an abuse-of-discretion standard. The lynchpin of abuse-of-discretion review is the determination whether the trial court's decision is reasonable. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990). Unless the reason or reasons for the trial court's decision are apparent from the face of the record, it is not possible to determine if the decision is reasonable without some explanation of the reason or reasons for that decision.
>
> [W]e will reverse the order of the trial court and remand this cause to the trial court for re-consideration of Chase's motion, with directions to provide a sufficient explanation of the reason or reasons for the trial court's decision to permit us to review that decision, should either party choose to appeal, under an abuse-of-discretion standard of appellate review. Chase's sole inferred assignment of error is sustained.

*State v. Chase*, 2d Dist. Montgomery No. 26238, 2015-Ohio-545, ¶ 17-18, reversed on other grounds in *State v. Braden*, Slip Opinion No. 2018-Ohio-5079.

{¶ 23} In this case there is no record from which the basis of the trial court's decision may be determined.

{¶ 24} I would remand the matter for the trial court.

{¶ 25} With respect and regard for my colleagues in the majority, I dissent.