[Cite as *State v. Shreve*, 2021-Ohio-351.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| JACK SHREVE, SR. | : | Case No. 2020-CA-00146 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. 2016-CR-1488

JUDGMENT:                        Affirmed

DATE OF JUDGMENT:                February 8, 2021

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN D. FERRERO                           JACK SHREVE, SR. PRO SE
PROSECUTING ATTORNEY                      Inmate No. 692-196
STARK COUNTY, OHIO                        Noble Correction Institution
                                          15708 McConnelsville Road
By:   KATHLEEN O. TATARSKY                Caldwell, OH  43724
      110 Central Plaza South - Suite 510
      Canton, OH 44702-1413

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant Jack Shreve, Sr., appeals the September 16, 2020 judgment of the Stark County Court of Common Pleas denying his motion to vacate or suspend court cost and fines or restitution. Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On December 28, 2016, following a jury trial, Shreve was convicted on charges of rape and gross sexual imposition. He was subsequently sentenced to an aggregate term of life imprisonment with parole eligibility after 15 years. We affirmed Shreve's convictions and sentence on October 30, 2017. *State v. Shreve*, 5th Dist. Stark No. 2016CR1488, 2017-Ohio-8390.

{¶ 3} On January 27, 2020, Shreve filed a motion to vacate or suspend court costs, fines or restitution. The trial court denied the motion of January 31, 2020, and noted it had not ordered Shreve to pay fines or restitution. Shreve did not appeal.

{¶ 4} On September 11, 2020, Shreve filed a similar motion, requesting he be permitted to perform community service in lieu of court costs. The trial court denied the motion on September 16, 2020.

{¶ 5} Shreve filed an appeal raising one assignment of error as follows:

I

{¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO VACATE AND/OR SUSPEND COURT COST AND FINES OR RESTITUTION."

{¶ 7} In his sole assignment of error, Shreve argues the trial court abused its discretion in denying his motion to vacate or suspend court costs, and fines or restitution

because he is indigent. Shreve appears to argue the trial court was required to consider his present and future ability to pay court costs before denying his motion. We disagree.

{¶ 8} R.C. 2947.23, governs the imposition of costs and states: "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs." R.C. 2947.23(A)(1)(a). Subsection (C), however, permits the trial court to retain jurisdiction to "waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter." Therefore, while imposition of court costs is mandatory, a trial court has discretion to waive the payment of court costs whether a defendant is indigent or not. The trial court's decision regarding whether to waive, suspend, or modify payment of court costs is, therefore, "reviewed under an abuse of discretion standard." *State v. Eblin*, 5th Dist. Muskingum No. CT2019-0036, 2020-Ohio-1216. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 9} First, as the state points out and Shreve concedes, Shreve was never ordered to pay a fine or restitution.

{¶ 10} Next, as for payment of court costs, Shreve cites *State v. Copeland*, 2d Dist. Montgomery No. 26842, 2016-Ohio-7797 in support of his argument that a trial court abuses its discretion when it denies a request to waive or suspend payment of court costs when it has failed to consider a defendant's indigence or ability to pay. The reasoning in *Copeland*, however, was recently abrogated in *State v. Taylor*, ___ Ohio St.3d ___, 2020-Ohio-3514, which found a trial court is not required to consider a defendant's present or

future ability to pay when ruling on motion to vacate, suspend, or modify court costs under R.C. 2947.23(C). *Taylor* at ¶ 16.

{¶ 11} Because the trial court was not required to consider Shreve's present or future ability to pay court costs, Shreve's sole assignment of error is overruled.

{¶ 12} The judgment of the Stark County Court of Common Pleas is affirmed.

By Wise, Earle, J.

Hoffman, P.J. and

Wise, John, J. concur.

EEW/rw