OPINION
{¶ 1} Defendant-appellant Brett W. Carson, Jr., appeals from the denial of his petition for post-conviction relief, without a hearing. Carson contends that the trial court erred by dismissing his petition upon the grounds that it was untimely filed, because he was unavoidably prevented from discovery of the facts upon which he must rely, and because he has shown by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found him guilty of Aggravated Vehicular Homicide, the offense of which he was found guilty, after pleading no contest.
 {¶ 2} We conclude that even if Carson could satisfy the first requirement, he has failed to make the showing required by R.C.2953.23(A)(1)(b), by clear and convincing evidence, that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which he was convicted. Accordingly, the order of the trial court dismissing Carson's petition for post-conviction relief is Affirmed.
 I {¶ 3} Carson and Christie Jo Pendell, whom he was then dating, attended an Easter gathering with Pendell's family in April, 2000. Shortly after leaving this gathering, Carson and Pendell were involved in a one-car accident in which Pendell was killed. Carson was charged by indictment with one count of Aggravated Vehicular Homicide. After various pre-trial proceedings, including Carson's request for discovery, and the State's filing of a notice of its intent to offer evidence of prior bad acts, Carson pled no contest, was found guilty, and was sentenced accordingly, by entry filed April 27, 2001.
 {¶ 4} In January, 2003, Carson filed a motion to withdraw his plea of no contest. That motion was denied, and is the subject of a separate appeal. Carson filed this petition for post-conviction relief on August 11, 2003, and a first amended petition on August 25, 2003.
 {¶ 5} The State moved to dismiss Carson's petition for post-conviction relief, upon the grounds that it was not timely filed. The trial court found the State's motion to be well-taken, and dismissed Carson's petition for post-conviction relief, without a hearing. From that order, Carson appeals.
 II {¶ 6} Carson's sole assignment of error is as follows:
 {¶ 7} "Trial court abused its discretion in failing to grant delayed post-conviction where petitioner demonstrated both prongs (a)(1) and (a)(2) of r.c. § 2953.23 were met."
 {¶ 8} Where, as here, no direct appeal is taken from a conviction and sentence, a petition for post-conviction relief must be filed no later than 180 days after the expiration of the time for filing the appeal. R.C. 2953.21(A)(2). An appeal must be filed within thirty days from the entry of the judgment of conviction. App.R. 4(A). Thus, Carson was required to file his petition for post-conviction relief within 210 days of the entry of his judgment of conviction on April 27, 2001. This time would have expired in early November, 2001. Carson did not file his petition until early August, 2003, almost two years after the time prescribed by R.C. 2953.21(A)(2).
 {¶ 9} However, as Carson notes, R.C. 2953.23(A) provides for that the trial court may entertain an untimely filed petition for post-conviction relief if both of the following apply:
 {¶ 10} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right[; and]
 {¶ 11} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable fact finder would have found the petitioner eligible for the death sentence."
 {¶ 12} Carson contends that he satisfied both of the requirements recited above for consideration of an untimely filed petition for post-conviction relief.
 {¶ 13} Carson predicates his petition for post-conviction relief upon the State's alleged suppression of favorable evidence. After Carson pled no contest in the criminal proceedings against him, depositions were taken in a civil wrongful death action against him. He attached excerpts from several of those depositions to his petition for post-conviction relief. We have reviewed the entirety of his submission of these deposition excerpts. They include excerpts from the depositions of Alan and Sherry Chamblis, the decedent's father and mother. These excerpts indicate that neither of them observed any harsh words or unpleasantness between Carson and their deceased daughter at the Easter gathering immediately preceding the accident in which their daughter was killed.
 {¶ 14} Carson's submission also includes excerpts from the deposition of Gary Pendell, the decedent's estranged husband at the time of her death. Pendell, who was also present at the gathering, testified that although he saw no overt exchanges between Carson and the decedent, he could tell, based upon his familiarity with his estranged wife, that she was not in agreement with Carson's plan that the two of them should leave the family gathering to go fishing.
 {¶ 15} Also included in Carson's submission are excerpts from the deposition of Janet Kamp, an acquaintance of Carson and the decedent, who testified that they had a good relationship, that Carson treated the decedent well, and that they seemed to be happy and getting along well together on the day of the accident. She also testified that she was told by police detectives before Carson's criminal trial started, that "it would be better" if she left the state, because "something happened at the scene between Brett Carson and the lady that lived in the house."[1]
 {¶ 16} The State contends that even if Carson was unavoidably prevented from discovering the facts set forth in these depositions, all of which were taken in September, 2002, he nevertheless waited an unreasonable time thereafter — eleven months — to file his petition for post-conviction relief. Carson responds that he did not receive the deposition transcripts until December, 2002, and that he did attempt to utilize the information in support of his motion to withdraw his plea, filed in January, 2003. Carson recites numerous difficulties he has had in attempting to pursue his post-conviction relief remedy while incarcerated.
 {¶ 17} We find it unnecessary to determine whether Carson's petition for post-conviction relief was filed within a reasonable time after the discovery of the facts upon which he is relying. We do note that an attorney's knowledge of facts is ordinarily imputed to the attorney's client.
 {¶ 18} In our view, Carson clearly has failed to show, "by clear and convincing evidence," that but for the constitutional error of which he complains, "no reasonable fact finder would have found [him] guilty of the offense of which [he] was convicted," which is required by R.C. 2953.23(A)(1)(b) for consideration of an untimely filed petition for post-conviction relief.
 {¶ 19} Because Carson's conviction resulted from his no-contest plea, we question whether the State's alleged suppression of evidence can properly be the basis for post-conviction relief. A plea of no contest is an admission of the truth of the facts alleged in the indictment. Crim.R. 11(B)(2). Thus, any constitutional error relating to discovery cannot be deemed to have materially affected Carson's conviction, which did not depend upon evidence adduced, or not adduced, at trial, unless his no-contest plea, itself, is deemed to be the product of a constitutional violation. Carson alleges that his no-contest plea is, in fact, the consequence of a constitutional violation, because he was deprived of the effective assistance of counsel, who presumably advised him to plead no contest without counsel's having had the benefit of the evidence allegedly suppressed by the State. We will assume, for purposes of analysis, that this states a claim cognizable in a post-conviction relief proceeding.
 {¶ 20} Nevertheless, consideration of an untimely filed petition for post-conviction relief requires the rather extraordinary showing, by clear and convincing evidence, that, but for the constitutional error, "no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted." This is an especially difficult showing to make in the context of a no-contest plea, since there is no trial testimony to frame the facts.
 {¶ 21} Nevertheless, we do have in the record the State's theory of the case, as set forth in its proposal to present evidence of other acts by the defendant, filed December 22, 2000. That theory is as follows:
 {¶ 22} "In the instant matter, the victim, Christy J. Pendell, was involved in a relationship with the defendant, Brett W. Carson, Jr. This relationship had lasted for apparently a little less than one year. The relationship was marked with violence and threats and numerous separations wherein Christy Pendell would attempt to leave the defendant. On Easter Sunday of 2000, the victim went with the Defendant to the victim's parents home for an Easter gathering. While at that residence, the Defendant demanded that the victim leave with him immediately after being there for approximately 10 to 15 minutes. The victim did not want to leave and insisted on staying. A major argument ensued involving physical violence as well as threats. Subsequently, the victim did leave with the defendant and moments after leaving the gathering, the fatal crash occurred on Hill Street wherein Christy was killed in a car driven by the defendant in which he was going between 95 and 100 mph in a 25 mph zone.
 {¶ 23} ". . . .
 {¶ 24} "In the instant matter, the State would propose to introduce evidence of the Defendant's previous acts of reckless driving with the victim in the car after they had had a fight. The State would introduce the other acts for the purpose of showing the defendant's motive in driving recklessly which was an attempt to frighten the victim and continue to control her.
 {¶ 25} "In conjunction with this, the State would seek to introduce evidence of statements the Defendant made to a state witness wherein he told that witness, after being confronted about his reckless driving, that he `drove recklessly with the victim in the car in order to scare her and control her and that it was better than hitting her.'"
 {¶ 26} Because this case did not go to trial, and because it is Carson's burden, by clear and convincing evidence, to show that but for constitutional error, no reasonable fact finder would have found him guilty, we must assume that the State had credible evidence to support its theory. Based upon our review of the deposition excerpts submitted by Carson, we cannot say that they refute the State's theory clearly and convincingly. Although the deposition testimony of Alan and Sherry Chamblis, and of Janet Kamp, and, to a much lesser extent, the deposition testimony of Gary Pendell, would be of some assistance to Carson in rebutting the State's theory of the case, we cannot say that this evidence is so compelling that no reasonable fact finder would have found him guilty, had he had access to this evidence and elected to go to trial. Carson may view this as a harsh result, but we understand the rule set forth in R.C.2953.23(A)(1) to be a harsh rule. As we understand it, by enacting this provision, the General Assembly has intentionally created a very limited opportunity for consideration of an untimely filed petition for post-conviction relief. Not only must the petitioner demonstrate an excuse for the untimely filing, he must also satisfy the additional requirement, which essentially requires him to prove, if not his actual innocence, at least the absence of evidence that would permit any reasonable fact finder to find him guilty. This would be understandably difficult to do in a case in which a defendant has pled no contest, and we conclude that Carson has failed to make that showing here.
 {¶ 27} Carson's sole assignment of error is overruled.
 III {¶ 28} Carson's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
Brogan and Wolff, JJ., concur.
[1] It is not clear to what house this statement may have been intended to refer.