[Cite as *State v. Sibrian*, 2020-Ohio-6769.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27964 |
| | : | |
| v. | : | Trial Court Case No. 2015-CR-2076 |
| | : | |
| OSWALD SIBRIAN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of December, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

OSWALD SIBRIAN, #A722-934, London Correctional Institution, P.O. Box 69, London, Ohio 43140
      Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Oswald Sibrian appealed from an order of the Montgomery County Court of Common Pleas, which denied his motion to vacate court costs and fines.[1]  On April 4, 2019, we reversed the trial court's order and remanded for reconsideration of Sibrian's motion.  *State v. Sibrian*, 2d Dist. Montgomery No. 27964, 2019-Ohio-1262.  We reasoned that the trial court's order did not provide sufficient explanation for us to conduct a meaningful review, particularly given the level of detail in Sibrian's motion and supporting documentation.

{¶ 2} The State appealed our judgment.  On August 4, 2020, the Ohio Supreme Court reversed our judgment and remanded for application of *State v. Taylor*, Ohio Slip Opinion No. 2020-Ohio-3514, __ N.E.3d __.  *State v. Sibrian*, Ohio Slip Opinion No. 2020-Ohio-3876, __ N.E.3d __.  The matter is now before us on remand.  For the following reasons, the trial court's judgment will be reversed, and the matter will be remanded for reconsideration of Sibrian's motion.

{¶ 3} We previously set forth the relevant procedural history as follows:

In February 2016, Sibrian was convicted after a jury trial of three counts of rape (child under 13 years old) and one count of gross sexual imposition (child under 13 years old).  The trial court sentenced him to ten years to life for the rape counts, to be served concurrently, and to five years for gross sexual imposition, to be served consecutively to the rape counts.  Sibrian was designated a Tier III sex offender and ordered to pay court

---

[1] No fines were assessed in this case. Accordingly, we will ignore Sibrian's references to fines.

costs.

On October 13, 2016, the clerk of courts sent Sibrian a bill for $1,749.98.

On appeal, we reversed two of the rape counts and the gross sexual imposition charge as against the manifest weight of the evidence, and remanded for further proceedings. *State v. Sibrian*, 2d Dist. Montgomery No. 27041, 2017-Ohio-2613. Upon remand, the trial court resentenced Sibrian, and a new termination entry was filed on June 17, 2017. Sibrian was again sentenced to ten years to life in prison, designated a Tier III sex offender, and ordered to pay court costs.

On June 20, 2017, the clerk of courts sent a bill to Sibrian in the amount of $1,775.98 for court costs.

On February 26, 2018, Sibrian filed a pro se motion to vacate costs and fines. He stated that he was seeking "this remedy so that he may have a clean slate upon the termination of his prison terms [sic] and to alleviate the burden imposed by the cost and fines during his prison term." Sibrian stated that unpaid costs and fines could result in "a holder being lodged against his security level," could bar him from consideration for prison programs, and could impede his ability to renew or apply for a driver's license upon his release. In addition, Sibrian asserted that he was unable to pay his court costs (which, at that time, amounted to $1,747.19) due to his indigence.

Sibrian supported his motion with a statement of his prison account

activity, which was certified by the cashier at London Correctional Institution, and an affidavit of indigency. The account statement showed six months of activity between August 1, 2017 and February 14, 2018. For that six-month period, the statement reflected monthly state pay of $18, total state pay income of $106.50, total funds received from other sources of $7, total commissary purchases of $82.09, the monthly balances during that period ($2.23, $0.29, $0.47, $0.83, $1.61, and $17.79), and an account balance as of February 13, 2018 of $17.79. In addition, the statement showed that, since July 11, 2017, Sibrian had made payments totaling $2.89 on his court costs obligation. As of February 9, 2018, Sibrian owed $1,747.09 in court costs.[2]

The trial court overruled the motion, finding Sibrian's evidence "not to be persuasive."

(Footnote sic.) *Sibrian*, 2d Dist. Montgomery No. 27964, 2019-Ohio-1262, at ¶ 2-8.

{¶ 4} Sibrian appealed from the trial court's order, claiming that the trial court erred in denying his motion. He argued that the trial court did not consider his present and future ability to pay court costs. He emphasized that he earns $18 per month and that all of his personal hygienic and medical supplies are paid from that income. The State responded that the trial court considered Sibrian's ability to pay and did not abuse its discretion in denying Sibrian's motion.

{¶ 5} In our 2019 opinion, we reversed the trial court's denial of Sibrian's motion

---

[2] The statement reflected a starting balance of $1,749.98, which was the total amount of court costs billed on October 13, 2016.

with the following statements of law and reasoning:

Under R.C. 2947.23, a trial court is required to impose court costs against all convicted defendants, even those who are indigent. *See State v. Braden*, [158 Ohio St.3d 452,] 2018-Ohio-5079, [145] N.E.3d [226], ¶ 14, [*vacated on other grounds*, 158 Ohio St.3d 462, 2019-Ohio-4204, 145 N.E.3d 235]; *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. "The collection of costs is a separate matter. Although the clerk of courts is required by statute to attempt to collect court costs from a nonindigent felony offender, R.C. 2949.14, '[t]he General Assembly has neither explicitly prohibited nor explicitly required collection from indigent defendants.' " *Braden* at ¶ 15, quoting *White* at ¶ 14.

The trial court has the discretion to waive court costs if the defendant makes a motion to waive costs. *See* R.C. 2947.23(C); *State v. Tucker*, 2d Dist. Montgomery No. 27694, 2019-Ohio-652, ¶ 23; *State v. Hawley*, 2d Dist. Montgomery No. 25897, 2014-Ohio-731, ¶ 13. Also, "[i]f at any time the court finds that an amount owing to the court is due and uncollectible, in whole or in part, the court may direct the clerk of the court to cancel all or part of the claim." R.C. 2303.23.

"A trial court has no duty to waive court costs; it has discretion whether to do so[.]" *State v. Fuller*, 2d Dist. Montgomery No. 25380, 2013-Ohio-3274, ¶ 18, citing *State v. Lux*, 2d Dist. Miami No. 2010 CA 30, 2012-Ohio-112, ¶ 47. Accordingly, we review a trial court's decision whether to waive or suspend court costs for an abuse of discretion. *State v. Reed*, 2d

Dist. Montgomery No. 27707, 2018-Ohio-1944, ¶ 12; *State v. Chase*, 2d Dist. Montgomery No. 26238, 2015-Ohio-545, ¶ 14. " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary, or unconscionable." (Citation omitted.) *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

*This court has held that "[a]lthough a trial court need not consider whether a defendant has a present or future ability to pay court costs when court costs are assessed, the trial court should consider the defendant's ability to pay when a defendant subsequently moves for a waiver, modification, or stay of the payment of court costs." State v. Copeland, 2d Dist. Montgomery No. 26842, 2016-Ohio-7797, ¶ 11. Accord State v. Dunson, 2d Dist. Montgomery No. 26990, 2016-Ohio-8365, * * *.[3] "In order for a reviewing court to determine whether the trial court abused its discretion, the trial court must provide an explanation of the reason(s) for its decision not to stay the execution of court costs." Reed at ¶ 13; see also Chase at ¶ 15-18.*

---

[3] *Dunson* has a complicated subsequent history. The Ohio Supreme Court originally reversed our judgment in *Dunson* on the basis of *Braden*, 158 Ohio St.3d 452, 2018-Ohio-5079, 145 N.E.3d 226, which held that R.C. 2947.23(C) did not apply to defendants whose convictions became final prior to the effective date of the statute. After the Ohio Supreme Court vacated *Braden* on reconsideration, its reversal in *Dunson* also was vacated. However, the supreme court held *Dunson* for a decision in *State v. Taylor* on the question of whether the trial court had to consider ability to pay when ruling on a motion to waive, suspend, or modify court costs. On August 4, 2020, the Ohio Supreme Court reversed our judgment in *Dunson* and remanded for application of *Taylor. See State v. Dunson*, Ohio Slip Opinion No. 2020-Ohio-3871.

*In this case, the trial court denied Sibrian's motion, stating, "After careful consideration of [Sibrian's] documentation, the Court finds it not to be persuasive." In doing so, the trial court provided no explanation of the reasons for its decision not to vacate court costs or to stay the execution of court costs.*

In *Chase*, the trial court denied a motion to vacate costs as "not well taken." We concluded that the trial court had not provided a sufficient explanation for its decision to permit us to perform meaningful appellate review of its decision under an abuse of discretion standard. *Chase*, 2d Dist. Montgomery No. 26238, 2015-Ohio-545, ¶ 17. We explained:

> The lynchpin of abuse-of-discretion review is the determination whether the trial court's decision is reasonable. Unless the reason or reasons for the trial court's decision are apparent from the face of the record, it is not possible to determine if the decision is reasonable without some explanation of the reason or reasons for that decision.

(Citation omitted.) *Id.* We therefore reversed the trial court's decision and remanded to the trial court for reconsideration of the defendant's motion.

We find that the trial court's order in this case has the same infirmity as in *Chase*, and that the same remedy is applicable, particularly given the level of detail in Sibrian's motion and supporting documentation. Sibrian's assignment of error is therefore sustained.

(Emphasis added; original footnote 3 omitted; new footnote 3 added.) *Sibrian*, 2d Dist.

Montgomery No. 27964, 2019-Ohio-1262, at ¶ 10-16.

{¶ 6} In *Taylor*, Ohio Slip Opinion No. 2020-Ohio-3514, __ N.E.3d __, the Ohio Supreme Court reiterated that the imposition of court costs on convicted defendants was mandatory, but R.C. 2947.23(C) gives trial courts continuing jurisdiction to waive, suspend, or modify the payment of those costs. *Id*. at ¶ 6-7. However, the language of R.C. 2947.23(C) "provides no explicit criteria that a court should use in deciding whether to waive, suspend, or modify costs." *Id*. at ¶ 8.

{¶ 7} The Ohio Supreme Court rejected the argument that consideration of ability to pay was implicit in R.C. 2947.23(C)'s statutory scheme. It explained that "there are many other criteria that can equally justify a decision to waive, suspend, or modify the imposition of costs in a particular case," including whether the costs are excessive given the degree of wrongdoing or that R.C. 5120.133 adequately addresses an inmate's present inability to pay. *Id*. at 11-12. The court also rejected the argument that statutory provisions concerning the collection of costs, such as R.C. 2303.23 (court may direct clerk of courts to cancel "due and uncollectible" amounts owed to the court) and R.C. 2949.14 (collection from nonindigent defendants), implicitly dictate that a court consider ability to pay in addressing a motion to waive, suspend, or modify court costs.

{¶ 8} The Supreme Court criticized the dissenting opinion for "divining" that the purpose of R.C. 2947.23(C) was to "lighten the burden on taxpayers" and thus "grafting" an ability-to-pay element into R.C. 2947.23(C). *Taylor* at ¶ 14. The Court further commented, citing R.C. 2929.19(B)(5), that "when the General Assembly has wanted to make present and future ability to pay a required criterion, it has done so explicitly." *Id*. at ¶ 15.

{¶ 9} Finally, the *Taylor* court dismissed the suggestion that the absence of specific criteria would leave the decision on a motion to waive, suspend, or modify costs to "trial-court whim." The court reasoned:

> * * * It is a basic principle of our legal system that a trial court's decision must not be arbitrary and cannot be based on considerations wholly unrelated to the decision it is tasked with making. A trial court could not, for instance, deny a motion to waive costs based on the flip of a coin or the color of a defendant's hair or because it is Tuesday. Neither could a court adopt a standing order to reject all such motions, as that would be opting out of any sort of rational assessment altogether. Statutes often give broad discretion to courts to make decisions that are reasonable under the circumstances. But to require that a specific criterion be applied in every case, there must be statutory support. And there just isn't any here. Thus, we hold that a trial court is not required to consider the defendant's ability to pay in assessing a motion to waive, suspend, or modify court costs under R.C. 2947.23(C), though it is permitted to do so.

*Taylor* at ¶ 16.

{¶ 10} In its supplemental brief,[4] the State asserts that our 2019 opinion held that "the trial court erred in failing to fully consider Sibrian's present and future ability to pay when ruling on his post-conviction motion to vacate court costs" and that the trial court erred by not explaining its reasons. The State thus argues that "*Taylor* goes directly

---

[4] We permitted the parties to file supplemental briefs to address the application of *Taylor*. Sibrian did not file a supplement brief.

against the grounds upon which this Court based its decision in *Sibrian*," requiring reversal of our prior 2019 opinion, i.e., an affirmance of the trial court's denial of Sibrian's motion to vacate court costs.

{¶ 11} The State overstates our holding in *Sibrian*, 2d Dist. Montgomery No. 27964, 2019-Ohio-1262. In setting forth the law governing motions to waive, suspend, or modify costs, we stated, relying on this appellate district's prior authority, that a trial court was required to consider the defendant's ability to pay. Our reversal, however, was not based on that authority. Rather, it was based solely on the trial court's failure to provide an explanation for its decision.

{¶ 12} The trial court's decision stated, "After careful consideration of [Sibrian's] documentation, the Court finds it not to be persuasive." Stating that the trial court's decision has the "same infirmity" as in *Chase*, 2d Dist. Montgomery No. 26238, 2015-Ohio-545, we concluded that the trial court's decision was insufficient to allow us to conduct a meaningful review of the trial court's decision, particularly given the extensive documentation that Sibrian had provided. As Justice DeWine stated in *Taylor*, "It is a basic principle of our legal system that a trial court's decision must not be arbitrary and cannot be based on considerations wholly unrelated to the decision it is tasked with making." *Taylor* at ¶ 16. Without some explanation from the trial court, this court was left to guess what criteria was used by the trial court in denying Sibrian's motion.

{¶ 13} The trial court stated that it found Sibrian's motion "unpersuasive" after "careful consideration" of his documentation. While this statement is an indication that the decision was not based, as the Supreme Court commented, on the color of Sibrian's hair or the day of the week, it does not provide sufficient explanation for an appellate court

to review and determine whether its conclusion constituted an abuse of discretion.

{¶ 14} In summary, in light of the Supreme Court recent decision in *Taylor*, the trial court was not required to consider Sibrian's ability to pay in ruling on Sibrian's motion to vacate court costs, although it had the discretion to do so. Nevertheless, the trial court was required to provide some explanation for its decision to allow us to conduct a meaningful review of its decision. Sibrian's assignment of error is sustained.

{¶ 15} The trial court's order will be reversed, and the matter will be remanded for reconsideration of Sibrian's motion to vacate court costs.

. . . . . . . . . . . . .

DONOVAN, J., concurs.

TUCKER, P.J., dissents:

{¶ 16} The majority opinion faults the trial court because the decision overruling Sibrian's motion did not provide an adequate explanation for the decision. Under the circumstances of this case, I disagree. I therefore respectfully dissent.

{¶ 17} Sibrian's motion focuses upon his inability to pay the imposed court costs. We now know that R.C. 2947.23(C) does not require a trial court "to consider the defendant's ability to pay when assessing a motion to waive, suspend, or modify court costs * * * ." *Taylor* at ¶ 16. Sibrian's motion did include the following statement:

These unpaid costs and fines can result in a holder being lodged against * * * [an inmate's] security level and it [sic] can also bar him from consideration for O.D.R.C. programs. The outstanding * * * cost[s] can also impede the Defendant's ability to renew or apply for a driver's license

upon his release.

{¶ 18} It seems, then, that on remand, the majority expects the trial court to provide a further explanation of why it rejected Sibrian's statement regarding the potential impact of unpaid court costs.   As the movant, Sibrian had the obligation to support his motion with authority and evidence.   Sibrian's motion did not cite to any authority to support the assertion that unpaid court costs could affect his security level, programming availability, or his ability to secure a driver's license upon his release.   And, further, the articulated concerns are speculative, making it impossible for Sibrian to support the motion with evidence of a current adverse effect resulting from unpaid court costs.   Given this failure of authority or evidence, the trial court did not, in my opinion, abuse its discretion by overruling Sibrian's motion with minimal explanation.   As such, I dissent.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Oswald Sibrian
Hon. Dennis J. Adkins