[Cite as *State v. Nalls*, 2025-Ohio-3168.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Appellee | : | C.A. No. 30414 |
| | : | |
| v. | : | Trial Court Case No. 2020 CR 01992 |
| | : | |
| LARRY NALLS | : | (Criminal Appeal from Common Pleas Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY & OPINION** |
| | : | |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on September 5, 2025, the judgment of the trial court is affirmed in part, reversed in part, and remanded for further consideration of court costs.

Costs to be paid as follows: 25% by Appellee and 75% by Appellant.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

MICHAEL L. TUCKER, JUDGE

EPLEY, P.J., and LEWIS, J., concur.

**OPINION**
MONTGOMERY C.A. No. 30414

LARRY NALLS, Appellant, Pro Se
MICHAEL P. ALLEN, Attorney for Appellee

TUCKER, J.

{¶ 1} Larry Nalls appeals pro se from a series of July 23, 2024 orders and entries by the trial court which (1) denied his amended petition for postconviction relief and accompanying amended motion for summary judgment, (2) overruled his motion to consolidate the above-captioned case with his 1989 rape case for purposes of postconviction relief, (3) overruled his motion for voluntary recusal, (4) overruled his motion to vacate costs, (5) overruled another motion to vacate or defer mandatory court costs, and (6) overruled a motion for judicial notice.

{¶ 2} Nalls advances 30 assignments of error. Most of them challenge the trial court's denial of postconviction relief based on untimeliness and res judicata. The remaining assignments of error address the trial court's overruling of the other motions. For the reasons set forth below, we see no error in the trial court's disposition of the amended petition for postconviction relief, the amended motion for summary judgment, the motion to consolidate cases, the motion for voluntary recusal, or the motion for judicial notice. Regarding the two motions to vacate court costs, however, the trial court erred in overruling those motions without any explanation. Accordingly, we will reverse the trial court's judgment entries overruling the two court-cost motions and remand the case for further consideration of that issue. The trial court's judgment entries resolving the other motions will be affirmed.

**I. Background**

{¶ 3} A grand jury indicted Nalls on 27 counts of illegal use of a minor in nudity-

oriented material or performance and single counts of unlawful sexual conduct with a minor, having weapons while under disability, gross sexual imposition, sexual imposition, and violating a protection order.

{¶ 4} At Nalls' 2022 jury trial, the State presented evidence that he had sexually abused his 13-year-old granddaughter and had taken topless photographs of her. In addition to the victim's testimony, the State introduced the photographs, which had been found on a hidden external hard drive. For his part, Nalls unsuccessfully attempted to introduce evidence that the child's mother had been aware of the pictures and had given him permission to take them. The jury found Nalls guilty on all 27 counts of illegal use of a minor in nudity-oriented material or performance as well as the single counts of gross sexual imposition, sexual imposition, and having a weapon while under disability. The jury found him not guilty of unlawful sexual conduct with a minor and violating a protection order. The trial court imposed an aggregate sentence of 56.5 years in prison and classified him as a Tier II sexual offender.

{¶ 5} On direct appeal, we overruled two assignments of error and affirmed the convictions. *See State v. Nalls*, 2023-Ohio-1996 (2d Dist.). We found no error in the trial court's exclusion of proffered testimony from Nalls' family and friends about the child's mother allowing the topless pictures to be taken. We determined that this evidence did not support an affirmative defense to the charges of illegal use of a minor in nudity-oriented material for two reasons: (1) the defense required the mother's written consent, which did not exist, and (2) no reasonable argument existed that the topless pictures were taken for a bona fide artistic purpose. We also found no ineffective assistance in Nalls' counsel's efforts to introduce the excluded evidence.

{¶ 6} Nalls subsequently sought to reopen his direct appeal based on ineffective

assistance of appellate counsel. We denied the application in November 2023, addressing and rejecting the following 25 potential assignments of error: (1) Ineffective Assistance of Counsel; (2) Conflict of interest, Deprivation of fair trial; (3) Speedy Trial; (4) Compulsory Process, Failure to Testify; (5) Abused Discretion; (6) Conflict of Interest; (7) Collusion; (8) Constitutional and Substantive Procedural Rights; (9) Discrimination, Retaliation, Threat, Intimidation; (10) Miscarriage of Justice; (11) Obstruction, Manifest Weight, Miscarriage of Justice; (12) Selective and Vindictive Prosecution; (13) Withholding Exculpatory Evidence and Witness Testimony, Brady Violation; (14) Wrongful Conviction; (15) Wrongful Imprisonment; (16) Proportionality of Sentence; (17) Plain and Clear Error; (18) Review and Prepare Defense for New Counts; (19) Witness Credibility; (20) Prosecutorial Misconduct; (21) Artistic Performance, Bon Fide Artistic Reason; (22) Reversible Error, Structural Errors; (23) Continuance; (24) in Loco Parentis, Custodial and Psychological Parent; and (25) Actual Innocence.

{¶ 7} Nalls then filed a petition for postconviction relief on February 13, 2024. He amended the petition on February 20, 2024. As amended, his pro se petition was 91 pages. He supported the petition with affidavits as well as lengthy transcripts. The amended petition identified the following 25 grounds for relief: (1) Deprivation of and Conspiracy Against Rights; (2) Ineffective Assistance of Counsel; (3) Speedy Trial; (4) Conspiracy and Collusion; (5) Conflict of Interest; Deprivation of Fair Trial; (6) Selective and Vindictive Prosecution; (7) Prosecutorial Misconduct; (8) Obstruction, Manifest Weight, and Miscarriage of Justice; (9) Due Process and Compulsory Process; (10) Continuances Granted Absent Reason; (11) In Loco Parentis; (12) Artistic Performance; (13) Actual Innocence; (14) Withholding of Exculpatory Evidence and Witness Testimony; Brady Violation; (15) Abuse of Discretion; (16) Miscarriage of Justice; (17) Discrimination, Retaliation, Threat, Intimidation; (18) Failure

to Review and Prepare Defense for New Counts; (19) Constitutional and Substantive Procedural Rights; (20) Plain Error, Clear Error; (21) Reversible Error, Structural Errors; (22) Wrongful Conviction; (23) Proportionality of Sentence; (24) Wrongful Imprisonment; and (25) Racketeer Influenced and Corrupt Organizations Act (RICO).

{¶ 8} In connection with his petition, Nalls moved for summary judgment and later amended that motion. He additionally filed a motion to consolidate the present case with a 1989 case involving his conviction on two counts of rape, a motion for voluntary recusal of the trial court judge, a motion to vacate costs, another motion to vacate or defer mandatory court costs, and a motion for judicial notice of the doctrine of res judicata, the "unavoidably prevented" requirement, and a credible showing of actual innocence.

{¶ 9} The trial court filed a July 23, 2024 decision, entry, and order denying Nalls' amended postconviction-relief petition and his related amended motion for summary judgment. It found that his petition was untimely and that he had failed to satisfy the statutory requirements to overcome untimeliness. Therefore, the trial court deemed itself without jurisdiction to consider the merits of the petition. In addition to Nalls' untimeliness, the trial court opined that res judicata applied to his claims. In separate entries, the trial court also overruled the other motions. Nalls has appealed from each of the trial court's rulings.

## II. Analysis

{¶ 10} Nalls' first 25 assignments of error incorporate by reference the 25 postconviction claims for relief set forth in his amended petition. But a claim for relief is not an assignment of error. The purpose of an assignment of error is to explain why the trial court erred in denying a claim for relief. Here the trial court rejected all 25 claims for postconviction relief and denied the amended petition based on untimeliness and res judicata.

{¶ 11} When a defendant has filed a direct appeal from a judgment of conviction, he must file a petition for postconviction relief "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." R.C. 2953.21(A)(2)(a). The transcript for Nalls' direct appeal was filed on December 1, 2022, making December 1, 2023 the deadline to file his petition. Nalls did not file his initial petition until February 13, 2024, well beyond the time limit.

{¶ 12} "Trial courts lack jurisdiction to consider an untimely or successive petition for post-conviction relief, unless the untimeliness is excused under R.C. 2953.23(A)." *State v. DeVaughns*, 2017-Ohio-475, ¶ 25 (2d Dist.), citing *State v. Current*, 2013-Ohio-1921, ¶ 16 (2d Dist.). Under that statute, "a defendant may not file an untimely or successive petition for post-conviction relief unless (1) he was unavoidably prevented from discovering the facts upon which he relies to present his claim, or (2) the United States Supreme Court recognizes a new federal or state right that applies retroactively to his situation and the petition asserts a claim based on that right. The petitioner must also show by clear and convincing evidence that, if not for the constitutional error from which he suffered, no reasonable factfinder [would] have found him guilty." *Id*. at ¶ 26, citing R.C. 2953.23(A)(1)(a) and (b).

{¶ 13} Nalls' 91-page amended petition for postconviction relief devoted little attention to the foregoing requirements. Page 88 of the petition summarily asserted his entitlement to "Relief from Procedural Default" based on "actual innocence" and "unavoidable preclusion from discovery, transcripts, etc." On appeal, Nalls additionally suggests that his postconviction claims for "Brady Violation, Ineffective Assistance of Counsel, and Actual Innocence" are "exceptions" to the 365-day time requirement for filing his petition. He also makes a "cause-and-prejudice" argument to excuse his late filing.

{¶ 14} Upon review, we see no error in the trial court's rejection of Nalls' petition based on untimeliness. He argues that he did not learn about our June 16, 2023 judgment entry and opinion affirming his convictions until August 13, 2023. Even if this is true, he had nearly four more months to file his petition. Moreover, a cursory review of his 25 claims for relief reveals that the vast majority of them involved issues that were or should have been known to him within the statutory filing time. Indeed, despite his argument to the contrary, many of the claims involved issues that did not require evidence outside the record.

{¶ 15} Finally, even if Nalls could show that he was unavoidably prevented from discovering the facts needed to support some of his claims, he did not show by clear and convincing evidence that but for constitutional error no reasonable factfinder would have found him guilty. By enacting this requirement, "the General Assembly has intentionally created a very limited opportunity for consideration of an untimely filed petition for post-conviction relief. Not only must the petitioner demonstrate an excuse for the untimely filing, he must also satisfy the additional requirement, which essentially requires him to prove, if not his actual innocence, at least the absence of evidence that would permit any reasonable fact finder to find him guilty." *State v. Carson*, 2004-Ohio-2741, ¶ 26 (2d Dist.).

{¶ 16} Here, the State's evidence included, among other things, testimony from the 13-year-old victim, testimony from the victim's mother, and photographic evidence including topless pictures of the victim. The pictures were found on Nalls' hidden computer hard drive. At trial, he attempted to assert an affirmative defense predicated on the victim's mother's consent to his taking the pictures. The mother testified at trial and denied consenting to the photographs. The trial court rejected the defense, and we did likewise on direct appeal, noting the absence of the mother's written consent and the lack of any reasonable argument that the topless pictures were taken for a bona fide artistic purpose. Nowhere in his

voluminous postconviction-relief petition did Nalls produce actual written consent from the child's mother, and we remain convinced that the pictures lacked a bona fide artistic purpose.

{¶ 17} We also reject Nalls' argument that his postconviction claims for "Brady Violation, Ineffective Assistance of Counsel, and Actual Innocence" qualify as "exceptions" to the 365-day time requirement for filing his petition. "Actual innocence" itself is not a cognizable claim for postconviction relief outside the realm of DNA testing. *State v. Jordan*, 2021-Ohio-701, ¶ 52-54 (8th Dist.). It must be linked to the denial or infringement of a constitutional right subject to the requirements of the postconviction relief statute. *Id*. Nalls' postconviction allegations of ineffective assistance of counsel largely involved his appellate counsel. The remedy for ineffective assistance of appellate counsel is an application to reopen the direct appeal, which Nalls previously filed. To the extent that his petition alleged ineffective assistance of trial counsel, he was subject to the 365-day time limit addressed above. Nalls' arguments about actual innocence, *Brady* violations, and cause-and-prejudice also involve or stem from inapplicable federal case law involving procedurally defaulted habeas corpus claims. We note too that his postconviction materials failed to support his actual innocence. Finally, Nalls' postconviction *Brady* claim included allegations that his own defense attorneys withheld evidence from him. The essence of a *Brady* claim, however, is that the government withheld evidence from the defense, not that a defendant's own counsel withheld evidence from him.

{¶ 18} In short, Nalls lacks clear and convincing evidence that no reasonable factfinder would have found him guilty but for some constitutional error. Therefore, the trial court properly denied postconviction relief based on a lack of jurisdiction over his untimely petition. That being so, we need not consider whether res judicata also precluded him from

pursuing his claims. Nalls' first 25 assignments of error are overruled.

{¶ 19} Turning to the remaining assignments of error, we reject Nalls' argument that the trial court judge abused his discretion by denying a request for "voluntary" recusal. It is axiomatic that a judge has no enforceable obligation to step aside voluntarily. Moreover, we lack jurisdiction to decide whether a trial court judge erred by failing to recuse himself based on judicial bias. *State v. Price*, 2025-Ohio-1487, ¶ 7-8 (2d Dist.). The trial court also did not abuse its discretion in refusing to consolidate the present case with Nalls' 1989 rape case involving unrelated facts and a different victim. Given that it lacked jurisdiction over the untimely postconviction-relief petition, it follows that the trial court likewise did not err in denying postconviction relief and refusing to enter summary judgment in Nalls' favor. The trial court additionally did not err in overruling the motion for judicial notice, which related to the untimely postconviction-relief petition. Accordingly, the 26th, 27th, 28th, and 29th assignments of error are overruled.

{¶ 20} Nalls' 30th assignment of error challenges the trial court's refusal to vacate court costs. On February 13, 2024, he filed a motion to vacate or defer court costs pursuant to R.C. 2947.23(C), arguing that his prison wages of $18 per month were not even sufficient to pay for personal hygiene items. Although the trial court had been required to impose court costs as part of his sentence, Nalls noted that R.C. 2947.23(C) gave it discretion to waive, suspend, or modify the payment of costs at sentencing or any time thereafter. While Nalls' motion remained pending, he filed an April 30, 2024 motion, again seeking vacation of court costs and noting that the trial court never had considered his ability to pay costs of $2,754.83 based on prison wages. The trial court summarily overruled both motions without explanation in separate entries filed on July 23, 2024.

{¶ 21} On appeal, the State insists that res judicata barred Nalls' attempt to have

court costs waived or vacated. It reasons that he was aware of the issue at the time of his direct appeal and could have raised it then. We note, however, that "R.C. 2947.23(C) specifically says that the trial court 'retains jurisdiction' to waive court costs 'at the time of sentencing or at any time thereafter.' To that end, the statute specifically provides an exception to res judicata when a defendant did not request waiver at sentencing or challenge his court costs on direct appeal." *State v. Braden*, 2019-Ohio-4204, ¶ 23. Here, we see nothing in Nalls' sentencing memorandum addressing the court-cost issue. Nor did he raise the issue during his sentencing hearing or on direct appeal.

{¶ 22} We recognize that the trial court was not required to consider Nalls' ability to pay court costs when resolving his two motions, but it had discretion to do so. *State v. Sibrian*, 2020-Ohio-6769, ¶ 14 (2d Dist.). The trial court was required, however, "to provide some explanation for its decision to allow us to conduct a meaningful review of its decision." *Id*. The trial court's refusal to vacate Nalls' court costs without explanation and without any clear evidence that res judicata applied precludes us from evaluating whether its decision was an abuse of discretion. Under these circumstances, we will reverse the trial court's orders overruling the two court-cost motions and remand for further consideration of the issue. *Id*. at ¶ 15. The 30th assignment of error is sustained.

### III. Conclusion

{¶ 23} The trial court's two entries overruling the two motions to vacate costs are reversed, and the case is remanded for further consideration of the issue.

{¶ 24} The trial court's entry denying the amended petition for postconviction relief and amended motion for summary judgment is affirmed.

{¶ 25} The trial court's entry overruling the motion to consolidate is affirmed.

{¶ 26} The trial court's entry overruling the motion for voluntary recusal is affirmed.

**{¶ 27}** The trial court's entry overruling the motion for judicial notice is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J., and LEWIS, J., concur.